In the Matter of ALEXANDER E. DUBROFF (also Known as ALEXANDER E. DUBROFF), an Attorney, Respondent.

ASSOCIATION OF THE BAR OF THE CITY OF NEW YORK, Petitioner.

First Department, May 10, 1948.

*Einar Chrystie* for petitioner.

*Louis B. Brodsky* of counsel (*Kalman I. Nulman* with him on the brief), for respondent.

*Per Curiam.* Respondent was charged with professional misconduct in that he failed to deposit in a special or trust account a fund of $1,200 received from a client; that when requested by her to return a portion of the fund he refused to do so and converted the money due his client to his own use.

The official referee found that respondent was guilty. In his report the referee stated: " * * * it is my opinion that it has been established by credible evidence that the respondent was guilty of professional misconduct in that having been retained to commence a matrimonial action he advised his client to withdraw all of her money from a savings bank and spend it so that in an application to the court for alimony and counsel fee to be made in the action on her behalf she could state she was without means. That he also advised her that when she had withdrawn the money to turn it over to him and he would hold it in trust for her use until she had

expended it. That acting upon his advice she withdrew the sum of $1,200 from her savings bank account, and on the 29th day of October, 1945, gave it to him to hold in trust for her use as aforesaid; that he failed to comply with his agreement to hold and keep said sum for her use and failed to deposit it in a special or trust account, but converted it to his own use."

In an attempt to justify his retention of the entire fund when his client requested that he return a portion thereof, respondent took the position that the client had discharged him thus releasing him from his retainer agreement, whereupon he asserted an unwarranted claim for compensation in an exorbitant amount exceeding the total of the funds then held by him. Although it appears that throughout the period involved respondent had at his disposal a fund in excess of the $1,200 received from his client, the record establishes a conversion.

In all the circumstances we find that respondent is entitled to no compensation for the services rendered. He is directed, therefore, to return to his client the $1,200 received from her less the $237 expended for insurance premium.

The respondent should be suspended from practice for a period of one year with leave to apply for reinstatement at the expiration of that term upon proof of his compliance with the conditions incorporated in the order.

PECK, P. J., COHN, CALLAHAN, VAN VOORHIS and SHIENTAG, JJ., concur.

Respondent suspended one year.